IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN LETT, | ) | |
| Plaintiff, | ) | No. 05C 693 |
| v. | ) | |
| CHICAGO POLICE DEPARTMENT, OFFICE OF PROFESSIONAL STANDARDS, | ) ) ) ) | JUDGE AMY ST. EVE |
| Defendant. | ) ) | MAGISTRATE JUDGE NOLAN |

FILED FEB - 4 2005 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## COMPLAINT AT LAW

Now comes the Plaintiff, Kelvin Lett, by and though his attorneys, Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, Chicago Police Department, Office of Professional Standards, states as follows:

### COUNT I – TITLE VII – RACE DISCRIMINATION

1. Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4).

2. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on his race (African-American) with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

3. Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit B.

4. Plaintiff at all times pertinent hereto was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(b).

5. Defendant at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by 42 U.S.C. 2000e(b) and employed more than fifteen individuals as defined by 42 U.S.C. 2000e(b).

6. In direct violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. Title VII of the Civil Rights Act of 1964, as mended, 42 U.S.C. § 2000e et seq., Defendant engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

7. As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

8. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or with indifference to Plaintiff's civil rights. Plaintiff is therefore entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff prays as follows:

    A. For an award of compensatory damages for Plaintiff's injury to his career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life and other non-pecuniary damages;

B. For an award of punitive damages in an amount to be determined at the time of trial;

C. For attorney's fees and costs of this suit, including expert witness fees;

D. For pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

## COUNT II – TITLE VII – SEX DISCRIMINATION

1. Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4).

2. Plaintiff has this cause subsequent to the timely filing of a Charge of Discrimination based on his sex (male) with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

3. Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit B.

4. Plaintiff at all times pertinent hereto was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(b).

5. Defendant at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by 42 U.S.C. 2000e(b) and employed more than fifteen individuals as defined by 42 U.S.C. 2000e(b).

6. In direct violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. Title VII of the Civil Rights Act of 1964, as mended, 42 U.S.C. § 2000e et seq., Defendant engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

7. As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

8. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or with indifference to Plaintiff's civil rights. Plaintiff is therefore entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff prays as follows:

 A. For an award of compensatory damages for Plaintiff's injury to his career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life and other non-pecuniary damages;

 B. For an award of punitive damages in an amount to be determined at the time of trial;

 C. For attorney's fees and costs of this suit, including expert witness fees;

D. For pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

Respectfully submitted,

KELVIN LETT

By: _____
One of His Attorneys

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy ct Statement on reverse before completing this form

ENTER CHARGE NUMBER
☒ IDHR
☒ EEOC 2005CF0773

### ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) Mr. Kelvin Lett | HOME TELEPHONE NO. (Include Area Code) (773) 785-8117 |
|---|---|
| STREET ADDRESS 453 W. 129th Place | CITY, STATE AND ZIP CODE Chicago, Illinois 60628 | COUNTY Cook |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Chicago Police Department/Office of Professional Standards | NO. OF EMPLOYEES/MEMBERS 15+ or more | TELEPHONE NUMBER (Include Area Code) (312) 745-3609 |
|---|---|---|
| STREET ADDRESS 10 W. 35th Street | | CITY, STATE AND ZIP CODE Chicago, Illinois 60616 |

| NAME Chicago Police Department | | TELEPHONE NUMBER (Include Area Code) (312) 746-6000 |
|---|---|---|
| STREET ADDRESS 3510 S. Michigan | | CITY, STATE AND ZIP CODE Chicago, Illinois 60653 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ AGE  ☐ RETALIATION  ☐ OTHER (Specify) Disability

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE
(Month, day, year) Continuing

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

I. I have been employed by the Chicago Police Department, Office of Professional Standards as an Investigator since June 16, 1997.

II. I am meeting the legitimate expectations of my employer.

III. I am being discriminated against based on my race (African-American) and sex (Male) by my supervisors.
   a. I am the only African-American member on my team.
   b. I have been subjected to more severe discipline compared to other non African-American and female members of my team.
   c. On or about April 6, 2004, I was told to complete Daily Activity Reports documenting my daily activity in half-hour increments. I was the only person in the office required to submit said Daily Activity Reports.
   d. On or about January 28, 2004, I received a one day suspension by Chief Lightfoot for my work product. Other non African-American and female members of my team only received a verbal reprimand for the same infraction.
   e. On or about May 10, 2004, I was denied Family Medical Leave pursuant to the Family Medical Leave Act by Chief Lightfoot without receiving a justifiable reason for the denial.
   f. On or about June 24, 2004, I received counseling for excessive tardiness. Said counseling was unwarranted and similarly situated non African-American and female employees did not receive similar discipline for the same infraction.
   g. I was meeting the legitimate expectations of my position.
   h. I was singled out by my supervisors due to my race (African-American) and sex (Male) while none of the other non African-American and female employees received similar treatment.

IV. As a result of the aforementioned I have suffered extreme emotional distress and pecuniary and non-pecuniary damages.

DEPT. OF HUMAN RIGHTS INTAKE UNIT AUG 24 2004 RECEIVED BY

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

I declare under penalty of perjury that the foregoing is true and correct.

OFFICIAL SEAL
DELICIA DEAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/12/05

Notary Stamp

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 23 August 2004

PLAINTIFF'S EXHIBIT A

U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5059 6972

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

December 10, 2004

Mr. Kelvin Lett
c/o Barry A. Gomberg, Esquire
Law Offices of Barry A. Gomberg & Associates
Attorney at Law
53 W. Jackson Blvd., Ste. 1350
Chicago, IL 60604

Re: EEOC Charge Against Chicago Police Dept., Office of Professional Standards, et al.
No. 21BA403241

Dear Mr. Lett:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
Chicago Police Dept., Office of Professional Standards, et al.



PLAINTIFF'S EXHIBIT B